# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| BRANDON HIXON, | Case No.: 1:12-cv-00489-EJL-REB |
| Plaintiff, | **REPORT AND RECOMMENDATION RE: DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| HEWITT ASSOCIATES, | **(Docket No. 5)** |
| Defendant. | |

Currently pending before the Court is Defendant's Motion to Dismiss (Docket No. 5). Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Report and Recommendation:

## I. BACKGROUND

Plaintiff Brandon Hixon ("Plaintiff") worked for Liberty Mutual from March 23, 2009 through May 17, 2012. *See* Mem. in Supp. of MTD, p. 2 (Docket No. 5, Att. 1). As a Liberty Plaintiff was a participant in certain Liberty Mutual benefit plans, including the Liberty Mutual Heath Care Flexible Spending Account Plan ("FSA Plan"). *See id*. at p. 1.

For 2012, Plaintiff elected to contribute $5,000 to his flexible spending account ("FSA"). *See id*. at p. 3. As of May 17, 2012 (Plaintiff's last day with Liberty Mutual), Plaintiff contributed $2,446.17 to his FSA and was reimbursed $4,492.14 in qualified medical expenses. *See id*.

Plaintiff initiated this action against Defendant Hewitt Associates ("Hewitt") in the Third Judicial District, State of Idaho, Canyon County, Small Claims Department on or around August

**REPORT AND RECOMMENDATION - 1**

13, 2012, alleging that, "[d]ue to the unorganization [sic] and blatant incompetency of Hewitt Associates, [he] [has] been forced to forgo the remainder of [his] flexible spending account funds as well as many hours of [his] time wasted." *See* Claim (Docket No. 1, Att. 2). Hewitt is Liberty Mutual's record keeper for various employee benefit plans, including Liberty Mutual's FSA Plan. Plaintiff estimated the amount of his claim at $5,000. *See id.*

On September 19, 2012, Hewitt removed the action, asserting that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 inasmuch as Plaintiff's claim arises under the laws of the United States – specifically, Hewitt contends that Plaintiff's claim necessarily relates to Liberty Mutual's FSA Plan and, therefore, arises under the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* Not. of Removal, pp. 2, 5-6 (Docket No. 1).

A week later, on September 26, 2012, Hewitt moved to dismiss Plaintiff's claim, arguing that Plaintiff did not exhaust his administrative remedies before initiating the action.[1] *See* Mem. in Supp. of MTD, pp. 5-7 (Docket No. 5, Att. 1). Plaintiff did not submit any response to Hewitt's Motion to Dismiss by the October 22, 2012 deadline. On December 10, 2012, the undersigned issued the following Docket Entry Order to Plaintiff:

> Defendant filed a Motion to Dismiss on September 26, 2012. Plaintiff's response to Defendant's Motion to Dismiss was due on October 22, 2012. To date, Plaintiff has not filed a response to Defendant's Motion to Dismiss. Plaintiff is HEREBY ORDERED to respond to Defendant's motion to Dismiss on or before December 28, 2012 or risk a dismissal of this action without further notice.

*See* 12/10/12 DEO (Docket No. 8) (capitalization in original). Notwithstanding the Court's December 10, 2012 directive, Plaintiff still has not responded to Hewitt's Motion to Dismiss.

---

[1]  Separately, Hewitt argues that Plaintiff received a $2,045.97 windfall, having received $4,492.14 in reimbursements while contributing only $2,446.17 to his FSA. *See* Mem. in Supp. of MTD, p. 5, n.2 (Docket No. 5, Att. 1).

**REPORT AND RECOMMENDATION - 2**

## II.  REPORT

**A.      Motion to Dismiss for Failure to Exhaust Administrative Remedies**

The defense of "failure to exhaust nonjudicial remedies should be raised in a motion to

dismiss, or be treated as such if raised in a motion for summary judgment."  *Ritza v. Int'l*

*Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988).  A

defendant may raise the exhaustion defense early in the case, on an incomplete record, via an

unenumerated FRCP 12(b) motion "as a matter of abatement."  *Wyatt v. Terhune*, 315 F.3d 1108,

1119 (9th Cir. 2003); *Payne v. Peninsula School Dist.*, 653 F.3d 863, 881 (9th Cir. 2011)

(discussing unenumerated FRCP 12(b) motions in context of IDEA).

To resolve an FRCP 12(b) motion raising failure-to-exhaust issues, "the court may look

beyond the pleadings and decide disputed issues of fact."  *Wyatt*, 316 F.3d at 1119-20.  In such

instances, the court "has a broad discretion as to the method to be used in resolving the factual

dispute."  *Ritza*, 837 F.2d at 369.  However, the court "must assure that [the plaintiff] has [had]

fair notice of his opportunity to develop the record."  *Wyatt*, 315 F.3d at 1120, n.14.

Distinguishing unenumerated FRCP 12(b) motions from motions specifically brought

under FRCP 12(b)(6) and 56, *Ritza* further explained that "no presumptive truthfulness attaches

to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial

court from evaluating for itself the merits of [the] claims."  *Ritza*, 837 F.2d at 369 (internal

citations and punctuation omitted).  Even so, because failure to exhaust is an affirmative defense,

a defendant bears the burden of persuasion.  *Wyatt*, 315 F.3d at 1119.

**B.      Analysis**

"ERISA itself does not require a participant or beneficiary to exhaust administrative

remedies in order to bring an action under [section] 502 of ERISA, 29 U.S.C. § 1132."  *Vaught*

**REPORT AND RECOMMENDATION - 3**

*v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008).  Section 502

allows an ERISA plan participant or beneficiary to bring an action in district court "to recover

benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan,

or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).

However, based on both the text of ERISA and its legislative history, the Ninth Circuit

concluded that "federal courts have the authority to enforce the exhaustion requirement in suits

under ERISA, and that as a matter of sound policy they should usually do so."  *Amato v.*

*Bernard*, 618 F.2d 559, 568 (9th Cir. 1980).  Thus, the Ninth Circuit has consistently held that

before bringing suit under section 502, an ERISA plaintiff claiming a denial of benefits "must

avail himself or herself of a plan's own internal review procedures before brining suit in federal

court."  *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th

Cir. 1995).

Here, the applicable FSA Plan contains detailed claims procedures, including procedures

for challenging adverse claims decisions or claims of administrative error or omission.  In

particular, the FSA Plan provides:

> All claims by participants, beneficiaries, and others based on a purported failure to
> follow the Plan's terms, including but not limited to an alleged failure to follow any
> direction from a participant pursuant to Plan terms, an alleged administrative error
> or omission, or other alleged misconduct, are subject to the Plan's claims procedures.
>
> You may file claims for benefits with ADP and request a first level review of an
> adverse claim decisions by ADP and request a second level review of an adverse
> claim decision by the Plan Administrator, or its designee, either yourself or through
> an authorized representative, who may be a spouse, parent, or designated health care
> agent.  Inquiries regarding whether certain health care expenses are reimbursable
> under the Plan are not treated as claims for benefits.

*See* FSA Plan at J-18, attached as Ex. A to Kasten Aff. (Docket No. 5, Att. 3).  The FSA Plan

then goes on to discuss the protocol for seeking a first level and second level review of adverse

**REPORT AND RECOMMENDATION - 4**

claim decisions.  *See id.* at pp. J-18-20.  Additionally, the FSA Plan expressly provides that a participant cannot bring a legal action until administrative remedies have been exhausted, stating in no uncertain terms:

> You or your authorized representative cannot start any legal action until:
>
> - the date on which your appeals rights have been exhausted; nor
> - more than one year after the time proof of claim is required.
>
> Legal actions are contingent upon first having followed the Claims and Appeals procedure outlined above.

*See id.* at p. J-22.  By virtue of his failure to file a response to Hewitt's Motion to Dismiss, it is undisputed that Plaintiff does not appeal any prior adverse claim decision.

Because Plaintiff has not properly exhausted the administrative remedies available under the FSA Plan, his action should be dismissed, without prejudice.

## III.  RECOMMENDATION

Based on the foregoing IT IS HEREBY RECOMMENDED that Hewitt's Motion to Dismiss (Docket No. 5) be GRANTED and that the action be dismissed, without prejudice.

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty pages . . . within fourteen (14) days . . ., unless the magistrate or district judge sets a different time period."  Additionally, the other party "may serve and file a response, not to

///

///

///

**REPORT AND RECOMMENDATION - 5**

exceed ten pages, to another party's objections within fourteen (14) days after being served a

copy thereof."



DATED:  **April 29, 2013**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**REPORT AND RECOMMENDATION - 6**