UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRANDON HIXON,<br><br>    Plaintiff,<br><br>    v.<br><br>HEWITT ASSOCIATES,<br><br>    Defendants. | Case No. 1:12-cv-00489-EJL-REB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On April 29, 2013, United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation in this matter. (Dkt. 11.) The Report and Recommendation sets forth the underlying factual and procedural history of the case and recommends that the Defendant's Motion to Dismiss be granted and that the action be dismissed, without prejudice. (Dkt. 11.) Pursuant to 28 U.S.C. § 636(b)(1)(C), a party objecting to a Magistrate Judge's recommended disposition must serve and file specific, written objections within fourteen (14) days after being served with a copy. No objections were filed by the parties and the time for doing so has passed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where,

however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes clear that the district judge must review the magistrate judge's finding and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) .
> . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

In this case, no objections were filed so the court is not required to conduct a *de novo* determination of the Report and Recommendation. The Court has, however, reviewed the Report and Recommendation as well as the record in this matter and finds no clear error on the face of the record. The Magistrate Judge properly set forth the law

applicable to the Motion to Dismiss and has appropriately applied the law to the facts and circumstances of this case. For the same reasons articulated by the Magistrate Judge, this Court too finds that the Plaintiff has not properly exhausted the administrative remedies available under the FSA Plan, as is required in the Ninth Circuit before bringing suit under section 502 of ERISA, 29 U.S.C. § 1132. (Dkt. 11.)

In sum, the Court finds the Report and Recommendation is well-founded in the law based on the facts of this particular case and this Court is in agreement with the same. Accordingly, the Court will adopt the Report and Recommendation and will grant the Defendants' Motion to Dismiss without prejudice as stated therein.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. 11) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Dkt. 5) is **GRANTED** and that the action be dismissed, without prejudice.

DATED: May 28, 2013

Edward J. Lodge
United States District Judge

S:\Orders\Orders 13\RNR_Hewitt 12-489.docx